such tenant to terminate his tenancy, and that the affidavit of merits was properly stricken.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in action for rent is sufficient.* Where, in an action in the Municipal Court for rent due from the defendant, it was alleged that the claim was for rent due and unpaid for September, 1915, for premises occupied by the defendant as a tenant from month to month, and that the tenant vacated the premises on August 30, 1915, without giving the plaintiff, the landlord, necessary notice to terminate such tenancy, *held* that such statement of claim was sufficient to state the general nature of the cause of action and to meet the requirements of the Municipal Court Act.

---

## Michele Consiglio, Defendant in Error, v. Emilio Longhi, trading as Italian & Greek Product Company, Plaintiff in Error.

### Gen. No. 22,193.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 1, 1917.

### Statement of the Case.

Action by Michele Consiglio, plaintiff, against Emilio Longhi, trading as the Italian & Greek Product Company, defendant, to recover on a demand promissory note for four hundred dollars, of which defendant was maker. From a judgment for plaintiff, defendant brings error.

BROWN & NAVIGATO, for plaintiff in error.

MORGAN & McFARLAND, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Consiglio v. Longhi, 205 Ill. App. 441.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 87*—*when note is payable on demand.* A note which expresses no time for payment is payable on demand.

2. BILLS AND NOTES, § 420*—*what evidence is properly excluded in action on demand note.* In an action on a promissory note payable on demand, where the defense was that the note was given for, a deposit made by the payee with the defendant, to secure the latter against loss on certain accounts of merchandise sold for defendant by the payee on credit, that such accounts were guaranteed by the payee and proved worthless, that the loss exceeded the amount of the note, that plaintiff did not become the owner of the note until long after maturity, and the offer of the defendant to prove that when the note was offered to him for payment fifteen months afterwards by the plaintiff it had not been indorsed by the payee, and that he then informed plaintiff that the payee was indebted to him in excess of the amount of the note, that he would not pay it and that the indorsements on the note were made subsequent to that time, *held* that in view of sections 53, 58, 59 of article IV of the Negotiable Instruments Act (J. & A. ¶¶ 7692, 7697, 7698), such evidence was improperly excluded.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.